IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| TIMOTHY MCCARTHY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SPECIALTY GRANULES, LLC. and ) <br> SPECIALTY GRANULES, INC. ) <br> Defendants. ) <br> _____ ) | Civil Action No.19-cv-1690 <br><br> **COMPLAINT** <br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

Plaintiff, TIMOTHY MCCARTHY ("Mr. McCarthy"), brings this action pursuant to the Americans With Disabilities Act, as amended ("ADA") 42 U.S.C. §12101, et seq., the Family Medical Leave Act ("FMLA") 29 U.S.C. §2601 et seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., to remedy acts of employment discrimination against him because of his disability, age and in retaliation for making complaints of disability discrimination and his use of FMLA leave.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.

2. The Employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

PARTIES

3. Mr. McCarthy is a citizen of the United States and a resident of Wisconsin. At all times relevant to this action, Mr. McCarthy was a qualified individual with a

1

disability as defined by the ADA, was at or over the age of forty, and was employed by Defendants during relevant periods as stated herein.

4. At all relevant times, Defendant Specialty Granules, LLC (hereinafter "Specialty Granules") has been incorporated in the State of Wisconsin with the Principal Office in Hagerstown, Maryland, and has been doing business in the State of Wisconsin, Marinette County and, under information and belief, has continuously employed over three-hundred (300) people

5. At all relevant times, Defendant Specialty Granules, Inc. (hereinafter "SGI"), under information and belief is the parent company of Defendant Specialty Granules, LLC and has been incorporated in the State of New Jersey with the Principal Office in Parsippany, New Jersey, while doing business in the State of Wisconsin. Under information and belief, SGI has continuously employed over three-hundred (300) people.

6. All heretofore named defendants shall be referred to collectively as "Defendants"

## ADMINISTRATIVE EXHAUSTION

7. Mr. McCarthy has complied with all the administrative prerequisites to action under the ADA and the ADEA as required.

8. A Notice of Suit Rights was issued on August 21, 2019 for EEOC charge Number 443-2019-01490.

## FACTUAL ALLEGATIONS

9. Mr. McCarthy began working for Defendants beginning in or about March of 2004.

10. Mr. McCarthy began his career with Defendants as a miner and worked his way up to a First Class Maintenance Mechanic in the Maintenance Department.

11. From his start date, through 2015, Mr. McCarthy received promotions, raise, and increased his seniority each year while receiving positive performance reviews.

12. Although there were part time layoffs, Mr. McCarthy was always sought after to return when work picked up and he never lost his seniority during these times pursuant to his collective bargaining agreement with Defendants.

13. In late January of 2016, due to his own disability and serious health condition, Mr. McCarthy requested and received a leave of absence approved as FMLA leave while receiving short term disability.

14. Mr. McCarthy remained off work until July of 2016 when he was told that he could be eligible for long term disability benefits in the event he would never be able to able to return to work due to his condition.

15. While Mr. McCarthy began the process in order to retain all options, he still desired to return to work.

16. He remained out of work through all of 2017.

17. In early 2018, Mr. McCarthy's physicians began prescribing him Botox injections that greatly reduced his symptoms to the point that he believed he could return to work.

18. Pursuant to his collective bargaining agreement, Mr. McCarthy retained "recall" rights for up to thirty months from his initial absence from work that would allow him to return with full seniority and benefits restored to the same level as when he last worked.

19. In May of 2018, Mr. McCarthy began calling Defendants' Human Resource Department in order to return to work as soon as possible.

20. Mr. McCarthy called for three consecutive weeks, but never received a return phone call.

21. Knowing the company would require a medical clearance from Defendants designated "pre-employment" and "return-to-work" physician, Mr. McCarthy contacted the physician to schedule a physical for purposes of returning to work.

22. The Dickinson Occupation Clinic scheduled him an appointment with W.B. Carlson, M.D. to conduct his return to work physical for a date in early June of 2018.

23. One day after making the appointment, Defendants' Human Resource Department suddenly returned Mr. McCarthy's calls.

24. The Human Resource representative, Susan Lesparance, indicated that she was aware Mr. McCarthy had made an appointment with Dr. Carlson, but would be cancelling it and rescheduling the appointment for July 23, 2018.

25. In the meantime, Mr. McCarthy attended a prescheduled medical appointment with the Veteran's Affairs Hospital in Iron Mountain, Oscar G. Johnson VA Medical Center (hereinafter "VA Medical Center"), and met with his nurse practitioner, Mary T. Forentti, who cleared Mr. McCarthy to return to work with no restrictions.

26. On July 23, 2018, Dr. Carlson met with Mr. McCarthy to perform a physical.

27. Upon completing the exam, Dr. Carlson's results indicated that Mr. McCarthy did not have the need for any weight restrictions in his job duties.

28. However, upon receiving Dr. Carlson's report, they physician still indicated that Mr. McCarthy be placed on "light duty," without providing any specifics of what light duty might consist of, or what restrictions Mr. McCarthy would have in relation to his job duties.

29. Mr. McCarthy explained the discrepancy between Nurse Practitioner Fornetti and Dr. Carlson, leading Ms. Lesparance to seek further information.

30. In filling out a form provided by Defendants, Julie Christensen, N.P.C. of the VA Medical Center responded to the following statement:

> Attached is a job description for the Mill Supervisor position. Please review the job description and assess whether *Patient* can perform all job functions… … If not, which job functions cannot be performed, and why not?

31. Immediately underneath this question, she wrote: "No restrictions."

32. Nonetheless, Defendants refused to return Mr. McCarthy to work because Nurse Practitioner Christensen indicated that lifting over 50 pounds has the *potential* to exacerbate back or neck pain.

33. Ms. Lesparance argued that the job required Mr. McCarthy to lift up to 100 pounds up to two hours at one time and for a total of four to six hours a per day.

34. Mr. McCarthy objected to the description of the duties he had completed for over a decade as requiring that he lift over 50 pounds, particularly for such long periods of time.

35. Mr. McCarthy explained that he had once been disciplined for lifting a 100-pound propane tank on his own and was specifically told not to manually lift such items.

36. Nonetheless, Ms. Lesparance continued to ignore Nurse Practitioners Christensen's and Fornetti's clear statements that Mr. McCarthy required no work restrictions and refused to place him back to work.

37. Ms. Lesparance did not invite Mr. McCarthy to discuss potential accommodations or encourage him to apply for other positions.

38. In September of 2018, Ms. Lesparance told Mr. McCarthy that he had lost his recall rights and, if he was interested in returning to work for Defendants, would have to apply like any other non-employee.

39. In December of 2018, Mr. McCarthy did provide another physician note indicating that he had no weight restrictions and wished to work for the maintenance department, once again.

40. This time he was simply told that there were no open positions and his request was denied.

41. Under information and belief, Defendants have delayed Mr. McCarthy's attempts to return to work during his recall right time period and intentionally misinterpreted Mr. McCarthy's medical documentation in order deny him his rights under the ADA, ADEA and FMLA.

42. Under further information and belief, Defendants discriminated against Mr. McCarthy due to his disability, age and in retaliation for making complaints of discrimination and the use of FMLA leave by failing to hire him after his recall rights had ended.

## Count One
## Violation of ADA
### (Employment Discrimination Based on Disability)

43. Mr. McCarthy realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

44. This claim is authorized and instituted pursuant to the provisions of the Americans with Disabilities Act, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Mr. McCarthy complains of Defendants' violation of the ADA's prohibition against discrimination in employment based, in whole or in part, upon an employee's disability.

45. During his employment, including his thirty months of recall rights with Defendants, Mr. McCarthy was a member of a class protected under the ADA. Defendants had notice of Mr. McCarthy's disability or otherwise perceived Mr. McCarthy to be disabled.

46. Mr. McCarthy's disability was a motivating factor in creating the adverse employment actions against him as described herein.

47. Defendants discriminated against Mr. McCarthy by refusing to return his calls requesting he be returned to work, only accepting information from physicians that indicated a need for light duty while ignoring more favorable documentation to Mr. McCarthy, not engaging in the interactive process in good faith, including any discussion about accommodations, denying him his rights to be recalled and failing to hire him after those rights had allegedly lapsed.

48. Defendants' acts and omission are the direct and proximate cause for the adverse employment actions against Mr. McCarthy in violation of the ADA.

49. As a further direct and proximate result of Defendants' wrongful acts and omissions, Mr. McCarthy sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of his choice

50. The intentional and discriminatory conduct of the Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages, which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

51. As Defendant's engaged in discriminatory employment practices with malice or with reckless indifference to Mr. McCarthy's federally protected rights, Mr. McCarthy is entitled to punitive/exemplary damages in addition to compensatory damages, attorney fees and other remedies available under the ADA.

**Count Two**
**Violation of ADEA**
**(Employment Discrimination Based on Age)**

52. Mr. McCarthy realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

53. As of July 20, 2018, Mr. McCarthy was, at relevant times, over the age of forty.

54. Defendants' conduct as alleged above constitutes discrimination based on Age, creating adverse employment actions against Mr. McCarthy in violation of the ADEA.

55. The intentional and discriminatory conduct of Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages, which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

56. As Defendants engaged in discriminatory employment practices with malice or with reckless indifference to Mr. McCarthy's federally protected rights Mr. McCarthy is entitled to punitive/exemplary damages in addition to compensatory damages, attorney fees and other remedies available under the ADEA.

## Count Three
## Retaliation for Engaging in Protected Activity
### (ADA)

57. Mr. McCarthy realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

58. Mr. McCarthy is and was, at all relevant times, a qualified individual with a disability, or was otherwise perceived as such.

59. Mr. McCarthy made many requests to return to work because he was able to do so with, or without a reasonable accommodation.

60. Not only did Defendants refuse to return Mr. McCarthy to work, under information and belief, they later failed to hire him despite being more qualified than less experienced mechanics subsequently hired by Defendants.

61. After refusing to return him to work under his recall rights, Mr. McCarthy filed a complaint with his labor union stating that Defendants had refused to return him to work under the auspice that he was physically unable to do the job, when he could, in fact, perform the essential duties of his position with or without a reasonable accommodation.

62. Thereafter, Defendants refused to rehire him.

63. The intentional and retaliatory conduct of Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages, which will serve as an example and deterrent to Defendants and others who would commit similar illegal acts.

64. As Defendants engaged in retaliatory employment practices with malice or with reckless indifference to Mr. McCarthy's federally protected rights, Mr. McCarthy is entitled to punitive/exemplary damages in addition to compensatory damages, attorney fees and other remedies available under the ADA.

## Count Four
### Discrimination for Engaging in FMLA

65. Mr. McCarthy realleges and incorporates by reference the allegations contained in all preceding and all subsequent paragraphs of the Complaint as though fully set forth herein.

66. Defendants are employers covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

67. In or about January of 2016, Mr. McCarthy was entitled to and did use leave under the Family and Medical Leave Act, pursuant to 29 CFR §825.114.

68. While Defendants did not interfere with Mr. McCarthy's rights while on leave, after he requested a return to work sometime later, Defendants denied those requests.

10

69. Defendants engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Mr. McCarthy's rights provided under the Act.

70. Defendants attempted to hide their true intentions by alleging Mr. McCarthy was unable to return to work due to his medical condition despite contradictory information and documentation being presented to them.

71. The intentional and retaliatory conduct of Defendants complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of liquidated damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff TIMOTHY McCARTHY respectfully requests that this Court:

A. Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to make whole Mr. McCarthy, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

B. Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to make whole Mr. McCarthy, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to job search expenses, effects on credit history, debt, increase in insurance costs and other incidental expenses, in amounts to be determined at trial.

C. Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to make whole Mr. McCarthy by providing compensation for past and

future nonpecuniary losses resulting from the unlawful practices complained above, including, but not limited to emotional pain, suffering, inconvenience, humiliation and mental anguish, in amounts to be determined at trial.

      D.      Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to pay Mr. McCarthy liquidated damages pursuant to the FMLA.

      E.      Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to pay Mr. McCarthy liquidated damages pursuant to the ADEA.

      F.      Order Defendants SPECIALTY GRANULES, LLC. and SPECIALTY GRANULES, INC. to pay Mr. McCarthy punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

      G.      Award Mr. McCarthy his reasonable attorney's fees and costs, including but not limited to expert witness fees as provided for under the ADA, ADEA and FMLA.

      H.      Award Mr. McCarthy with interest on any awards at the highest rate allowed by law; and

      I.      Grant such further relief as the Court deems necessary and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff, TIMOTHY MCCARTHY, requests a jury trial on all matters as to which he is entitled by law.

                                                                                         LAW OFFICE OF ADAM M. KENT

Dated: November 15, 2019                    s/Adam M. Kent
                                                                      Adam M. Kent
                                                                      7670 N. Port Washington Rd
                                                                      Suite 105
                                                                      Milwaukee, WI 53217
                                                                      (414) 446-5331
                                                                      Attorney@adamkentlegal.com
                                                                      WI Bar No.: 1099634